# EXHIBIT "A"

**(Complaint)**

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHARMAINE KING, | **SUMMONS** |
| Plaintiff, | |
| v. | **Index No.:** |
| J. B. HUNT TRANSPORT, INC., AND GLENN CURTIS WOODLARD, | Plaintiff(s) designate(s) QUEENS COUNTY as the place of trial. |
| | The basis of venue is: Incident Location |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
May 26, 2020

          Yours, etc.,

          **CELLINO & BARNES, P.C.**

By: *Joshua Olmstead*
      Joshua C. Olmstead, Esq.
      Attorneys for Plaintiff
      420 Lexington Avenue
      Suite 2140
      New York, NY 10170
      (800) 888-8888

**TO:**

J. B. HUNT TRANSPORT, INC.,
615 J. B. HUNT CORPORATE DRIVE
LOWEL, AR 72745

J. B. HUNT TRANSPORT INC.,
1600 SE 66th Street
OKLAHOMA CITY, OK 73149

GLENN CURTIS WOOLARD
66-14 Mine Drive
Macungie, PA 18062

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHARMAINE KING,

    Plaintiff,

v.

J. B. HUNT TRANSPORT, INC., AND GLENN CURTIS WOODLARD,

    Defendants

**COMPLAINT**

**Index No.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, CHARMAINE KING, by their attorneys, CELLINO & BARNES, P.C., against defendants J. B. HUNT TRANSPORT, INC. and GLENN CURTIS WOODLARD, allege upon information and belief:

1. At all times herein relevant plaintiff CHARMAINE KING, has been a resident of the County of Orange, State of New York.

2. That at all times hereinafter relevant, defendant, J. B. HUNT TRANSPORT, INC., was and still is a foreign corporation conducting business in New York State.

3. That at all times hereinafter mentioned, Defendant, J. B. HUNT TRANSPORT, INC., engaged in interstate transportation and/or interstate commerce.

4. That at all times herein relevant, defendant, J. B. HUNT TRANSPORT, INC., derived revenue from business activities performed within the State of New York.

5.   That at all times herein relevant, defendant, J. B. HUNT TRANSPORT, INC., committed a tortious act with the State of New York.

6.   That at all times herein relevant, defendant, J. B. HUNT TRANSPORT, INC., committed a tortious act without the State of New York causing injury to person or property within the State of New York.

7.   That at all times herein relevant, defendant, J. B. HUNT TRANSPORT, INC., owns, uses or possesses any real property situated with the State of New York.

8.   That by virtue of the allegations above, defendant, J. B. HUNT TRANSPORT, INC., is subject to the laws of the State of New York pursuant to CPLR 302.

9.   At all times herein relevant defendant GLENN CURTIS WOODLARD, was and is a resident of the town of Macungie, State of Pennsylvania.

10.  On or about July 16, 2017, plaintiff, CHARMAINE KING, was the owner/operator of a certain motor vehicle bearing New York State License Plate No. HGY9815.

11.  On or about July 16, 2017, defendant J. B. HUNT TRANSPORT, INC., was the owner of a certain 2017 Freightliner Truck bearing State of Oklahoma License Plate No. 2XJ903.

12.  At all times herein mentioned, Defendant J. B. HUNT TRANSPORT, INC, managed the aforesaid vehicle.

13.  At all times herein mentioned, Defendant J. B. HUNT

2

TRANSPORT, INC, maintained the aforesaid vehicle.

14. At all times herein mentioned, Defendant J. B. HUNT TRANSPORT, INC, controlled the aforesaid vehicle.

15. At all times herein mentioned, Defendant, GLENN CURTIS WOODLARD, was the operator of a certain 2017 Freightliner Truck bearing State of Oklahoma License Plate No. 2XJ903..

16. At all times herein mentioned, Defendant, GLENN CURTIS WOODLARD, managed the aforesaid vehicle.

17. At all times herein mentioned, Defendant, GLENN CURTIS WOODLARD, maintained the aforesaid vehicle.

18. At all times herein mentioned, Defendant, GLENN CURTIS WOODLARD, controlled the aforesaid vehicle.

19. On or about July 16, 2017, at approximately 4:50 p.m. defendant GLENN CURTIS WOODLARD, operated the aforesaid vehicle with the full consent of the owner, defendant J. B. HUNT TRANSPORT, INC..

20. On or about July 16, 2017, at approximately 4:50 p.m. defendant GLENN CURTIS WOODLARD, operated the aforesaid vehicle with the full knowledge of the owner, defendant J. B. HUNT TRANSPORT, INC..

21. On or about July 16, 2017, at approximately 4:50 p.m. defendant GLENN CURTIS WOODLARD, operated the aforesaid vehicle with the full permission of the owner, defendant J. B. HUNT TRANSPORT, INC..

22. On or about July 16, 2017, at approximately 4:50 p.m., defendant

3

GLENN CURTIS WOODLARD, operated the aforesaid vehicle described in paragraph 11, in a westbound direction on Astoria Boulevard, in the County of Queens, State of New York.

23. On or about July 16, 2017, at approximately 4:50 p.m., plaintiff CHARMAINE KING, operated the vehicle described in Paragraph 10, in a westbound direction on Astoria Boulevard, County of Queens, State of New York.

24. At all times herein mentioned, Astoria Boulevard, in the County of Queens, State of New York, was and is a public roadway, street and/or thoroughfare.

25. On or about July 16, 2017, at approximately 4:50 p.m., the aforesaid vehicle operated by defendant driver, GLENN CURTIS WOODLARD, made contact with the vehicle owned and operated by plainttiff, CHARMAINE KING, on Astoria Boulevard, in the County of Queens, State of New York.

26. That at all times herein mentioned, the Federal Motor Carrier Safety Regulations ("FMCSRs"), found in Title of 49 of the Code of Federal Regulations, were incorporated expressly, "with the same force and effect ... as though fully set forth at length" by the State of New York.

27. Defendant, GLENN CURTIS WOODLARD, as an employee of the Defendant, J. B. HUNT TRANSPORT INC., negligently operated his vehicle by: Failing to keep a proper lookout for warnings, other vehicles, and obstructions; Driving at a low rate of speed without the use of lighting; Operating his truck without the use of any lighting; Operating a truck that had been deemed out of service; Operating his truck

4

without adequate training and experience: Operating his truck in violation of hours of service rules pursuant to 49 CFR 395 et. seq.; Failing to record his duty status in duplicate, for a 24 hour period prior to the accident; Failing to ensure, pursuant to 49 CFR 392.7, prior to operating his vehicle that the vehicle was in safe operating condition; Operating a vehicle in violation of 49 CFR 392.3 when his ability or alertness is impaired or likely to become so due to fatigue, illness, or other causes; Operating a vehicle while using a radar detector in violation of 49 CFR 392.71; Operating a vehicle in violation of 49 CFR 391.21 for failing to disclose to his employer all prior motor vehicle accidents for a period three years prior to the accident date; Failed to pay attention to the road ahead; Failed to be diligent at all times.

28. Plaintiff CHARMAINE KING sustained serious and severe injuries as a result of the incident described in Paragraph 25 above.

29. On or about July 16, 2017, at approximately 4:50am, the above named defendants had the duty to operate their vehicle in a professional manner in accordance with the rules, laws and regulations of the State of New York.

30. On or about July 16, 2017, at approximately 4:50 am, the above named defendants breached the required obligations, duties and safety rules of the above duty by operating the above vehicle in a unprofessional, careless, reckless and/or negligent manner, in violation of the rules, laws, codes and regulations of the State of New York.

31. The incident described in Paragraph 25 above occurred as a result

5

of the carelessness, negligence and/or recklessness of defendants J. B. HUNT TRANSPORT, INC., and GLENN CURTIS WOODLARD, without any negligence attributable in any measure to plaintiff CHARMAINE KING.

32. Plaintiff CHARMAINE KING, has sustained a serious injury, as defined in subsection (d) of section five thousand one hundred two of the New York State Insurance Law.

33. Plaintiff CHARMAINE KING, has sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

34. As a result of the unprofessional, negligent and/or reckless acts of the defendants, as alleged above, plaintiff, CHARMAINE KING, was seriously and severely injured and has, and will continue to suffer damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

35. During the scope and course of his employment with Defendants, J. B. HUNT TRANSPORT, INC., Defendant, GLENN CURTIS WOODLARD breached his duty to drive a motor vehicle on a public highway in a professional manner as prescribed and in accordance with Federal, State and local rules, laws and regulations.

36. At all times Defendant, GLENN CURTIS WOODLARD was acting in the scope and course of his employment with Defendant, REBER TRANSPORT, INC.

37. At all times Defendant, GLENN CURTIS WOODLARD was acting

6

in the scope and course of his employment with Defendant, J. B. HUNT TRANSPORT, INC..

38. That as a result of the negligence of Defendants, as aforesaid, Plaintiff, CHARMAINE KING, sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings and medical expenses, lost the enjoyment of life, and Plaintiff, are informed and verily believe that same will continue in the future, all to their detriment and loss.

39. Defendant, J. B. HUNT TRANSPORT, INC., owed the general public, including the plaintiff, a duty to determine the qualifications of its employees including but not limited to:

a) Adequately evaluating applicants before hiring them as truck drivers;

b) Adequately training and supervising these drivers;

c) Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property;

d) Pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et. seq., conduct and adequate investigation or inquiry into the driving record of GLENN CURTIS WOODLARD;

40. Defendant, J. B. HUNT TRANSPORT, INC., breached these

7

duties to the general public, including the plaintiff, by its negligent and careless training, hiring, training, supervision, and retention of Defendant, GLENN CURTIS WOODLARD, who was unqualified, incompetent, and/or negligent and careless.

41. As a direct and proximate result of the negligence, careless, and wrongful acts of Defendant, J. B. HUNT TRANSPORT, INC., Plaintiff, sustained severe and protracted personal injuries, endured pain and suffering, were incapacitated from their normal pursuits, incurred lost earnings and medical expenses, lost the enjoyment of life, and Plaintiff, are informed and verily believe that same will continue in the future, all to their detriment and loss.

42. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR Section 1602 applies.

**WHEREFORE**, plaintiff, CHARMAINE KING, demands judgment against defendants, J. B. HUNT TRANSPORT, INC., and GLENN CURTIS WOODLARD, in an amount which exceeds the monetary jurisdictional limits of all lower New York Courts, together with the costs and disbursements of this action

DATED:   New York, New York
         May 26, 2020

                                        Yours, etc.,

                                        **CELLINO & BARNES, P.C.**

                                   By: _Joshua Olmstead_
                                        Joshua C. Olmstead, Esq.
                                        Attorneys for Plaintiff
                                        420 Lexington Ave., Ste. 2140
                                        New York, NY 10170
                                        (800) 621-2020

9

**Index No:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CHARMAINE KING,

           Plaintiff(s),

  -against-

J. B. HUNT TRANSPORT, INC., AND GLENN CURTIS WOODLARD,

           Defendant(s),

**SUMMONS AND COMPLAINT**

**CELLINO & BARNES, P.C.**
Attorneys for Plaintiff
Office & Post Office Address, Telephone
420 Lexington Avenue, Suite 2140
New York, New York 10170
(212) 804-7400

_____
Service of a copy of the within is hereby **admitted.**
Dated: New York, New York
    May 26, 2020

PLEASE TAKE NOTICE:

↑<u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of an Order
duly entered in the office of the clerk of the within named court on

↑<u>NOTICE OF SETTLEMENT</u>
that an order         of which the within is a true copy will be
presented for settlement to the HON.      one of the judges of the
within named Court, at
on       at      M.
Dated:

           Yours, etc.

           **CELLINO & BARNES, P.C.**
           Attorneys for Plaintiff
           420 Lexington Avenue, Suite 2140
           New York, New York 10170
           (212) 804-7400