UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHARMAINE KING,

                    Plaintiff,

         - against -                      **MEMORANDUM & ORDER**
                                                  20-CV-5310 (PKC) (RER)

J.B. HUNT TRANSPORT, INC.
and GLENN CURTIS WOODLARD,

                    Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On November 3, 2020, Defendants J.B. Hunt Transport, Inc. ("J.B. Hunt") and Glenn Curtis Woodlard ("Woodlard") filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Queens County, to this Court. (Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Charmaine King alleges that, on July 16, 2017, they[1] were injured when the motor vehicle they were driving was struck by a motor vehicle owned by J.B. Hunt and operated by Woodlard in the course of his employment by J.B. Hunt. (*See generally* Complaint ("Compl."), Dkt. 1-1.) Plaintiff's complaint demands judgment against Defendants "in an amount which exceeds the monetary jurisdictional limitations of all lower New York Courts, together with the costs and disbursements of this action" (*id.* at 8), but does not specify any damages amount.

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 5.) The Notice alleges

---

[1] The parties, in both the Complaint and Notice, refer to Plaintiff using the pronoun "they," which the Court, therefore, adopts.

1

that Plaintiff is a citizen of New York, Defendant J.B. Hunt is a citizen of Arkansas and Georgia, and Defendant Woodlard is a citizen of Pennsylvania. (*Id.* ¶¶ 2–3.) With respect to the amount in controversy, the Notice states that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In addition, [P]laintiff indicated that their claim is worth $500,000 on October 20, 2020." (*Id.* ¶ 5.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (citation omitted). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at

2

\*2 (S.D.N.Y. Feb. 14, 2013) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and that Plaintiff "indicated" that the amount in controversy exceeds $500,000 (Notice, Dkt. 1, ¶ 5) without providing any factual allegations to support this conclusion. Here, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's complaint], because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at \*2 (E.D.N.Y. Aug. 30, 2016). Plaintiff alleges only that they were damaged "in an amount which exceeds the monetary jurisdictional limitations of all lower New York Courts." (Compl., Dkt. 1-1, at 6, 8.) This mention of the "lower New York Courts" refers to the limitation that the lower civil courts of New York may not entertain actions seeking to recover more than $25,000. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at \*2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "maximum monetary jurisdiction of all lower Courts") (internal citation omitted); *see id.* at \*2 n.3 (collecting cases).

Finally, neither the Complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied. Plaintiff's general allegations that they

> sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings and

3

      medical expenses, lost the enjoyment of life, and [] are informed and verily believe that [the] same will continue in the future, all to their detriment and loss;

"sustained a serious injury, as defined in [§ 5102(d)] of the New York State Insurance Law"; and "sustained economic loss greater than basic economic loss, as defined in [§ 5102] of the New York State Insurance Law[2]" (Compl., Dkt. 1-1, ¶¶ 33–34, 38; *see also id.* ¶¶ 28, 34, 41), are not enough. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"). And while Defendants assert that Plaintiff "indicated that their claim is worth $500,000" (Notice, Dkt. 1, ¶ 5), they provide no evidence or substantiation for this claim.[3]

      Accordingly, the Court finds that Defendants' allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction. Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

---

    [2] Under Section 5102 of the New York Insurance Law, basic economic loss is defined as "up to fifty thousand dollars per person." N.Y. Ins. Law § 5102. Therefore, Plaintiff's allegation of "economic loss greater than basic economic loss" (Complaint, Dkt. 1-3, ¶ 87) does not, on its own, satisfy the required jurisdictional amount. *See Herrera*, 2016 WL 4536871, at *2.

    [3] The Court notes that, had Defendants "availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages," *Herrera*, 2016 WL 4536871, at *2, documentation of such filings should have been attached to their Notice of Removal.

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Queens County, under Index No. 705859/2020, for lack of federal subject matter jurisdiction. Following remand, the Clerk of Court is respectfully directed to mark this case as closed.

                                                SO ORDERED.

                                      */s/ Pamela K. Chen*
                                      Pamela K. Chen
                                      United States District Judge

Dated: November 6, 2020
       Brooklyn, New York